(B) Alternate Jurors. The court may direct that 7 or more jurors be impaneled to sit. After the instructions to the jury have been given and the action is ready to be submitted, unless the parties have stipulated that all the jurors may deliberate, the names of the jurors must be placed in a container and names drawn to reduce the number of jurors to 6, who shall constitute the jury. ~~The persons excused in this manner must be discharged from that action after the jury retires to consider its verdict.~~ The court may retain the alternate jurors during deliberations. If the court does so, it shall instruct the alternate jurors not to discuss the case with any other person until the jury completes its deliberations and is discharged. If an alternate juror replaces a juror after the jury retires to consider its verdict, the court shall instruct the jury to begin its deliberations anew.

(C)-(G) [Unchanged.]

RULE 6.411. ADDITIONAL JURORS.

The court may impanel more than 12 jurors. If more than the number of jurors required to decide the case are left on the jury before deliberations are to begin, the names of the jurors must be placed in a container and names drawn from it to reduce the number of jurors to the number required to decide the case. ~~The jurors eliminated by this process are to be discharged after the jury retires to deliberate.~~ The court may retain the alternate jurors during deliberations. If the court does so, it shall instruct the alternate jurors not to discuss the case with any other person until the jury completes its deliberations and is discharged. If an alternate juror replaces a juror after the jury retires to consider its verdict, the court shall instruct the jury to begin its deliberations anew.

*Staff Comment:* The proposed amendments of MCR 2.511(B) and MCR 6.411 are based on a request from the Michigan Judges Association. The proposed amendment is consistent with the December 1999 amendment of Rule 24(C)(3) of the Federal Rules of Criminal Procedure for the United States District Courts.

The staff comment is published only for the benefit of the bench and bar and is not an authoritative construction by the Court.

> Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk by May 1, 2001. When filing a comment, please refer to our File No. 00-26.

*Order Entered February 26, 2001:*

*In re* BAUER, No. 116817. The Attorney Grievance Commission filed a petition for injunctive relief under MCR 9.108(E)(4), and this Court

entered an order on May 12, 2000, 462 Mich 1203, that (1) enjoined Richard B. Bauer (P 60542), also known as Dirk Boer, from practicing law in the state of Michigan, (2) enjoined the removal, use, disposal, or transfer of funds maintained by Mr. Bauer in accounts at the Macatawa Bank in Holland, Michigan, and (3) appointed Robert J. Eleveld to act as special master and conduct an evidentiary hearing regarding continuation of the injunctions and possible assignment of a receiver.

On July 11, 2000, the special master having filed interim and final reports, this Court continued the injunction against Mr. Bauer's practice of law, pending further order of the Court, but dissolved the injunction concerning Mr. Bauer's bank accounts.

Effective November 15, 2000, Mr. Bauer's license to practice law in Michigan was revoked by the Attorney Discipline Board. The Attorney Grievance Commission agrees that that action renders the present petition moot.

Accordingly, on order of the Court, the injunction against Mr. Bauer's practice of law is dissolved and the petition for injunctive relief is dismissed.

*Leave to Appeal From Attorney Discipline Board Denied February 26, 2001:*

GRIEVANCE ADMINISTRATOR V MOCH, No. 117643.

*Order Entered March 21, 2001:*

PROPOSED AMENDMENT OF RULE 15 OF THE RULES CONCERNING THE STATE BAR OF MICHIGAN. On order of the Court, this is to advise that the Court is considering an amendment of Rule 15 of the Rules Concerning the State Bar of Michigan, which is based on a proposal from the State Bar. Before determining whether the proposal should be adopted, changed before adoption, or rejected, this notice is given to afford any interested person the opportunity to comment on the form or the merits of the proposal. We welcome the views of all who wish to address the proposal or who wish to suggest alternatives. Before adoption or rejection, this proposal will be considered at a public hearing by the Court. The Clerk of the Court will publish a schedule of future public hearings.

Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption of the proposal in its present form.

[The present language would be amended as indicated below:]

RULE 15. ADMISSION TO THE BAR.

*Section 1. Character and Fitness Committees.*

(1)-(20) [Unchanged.]

(21) Every applicant for admission by examination and any other applicant whose application is submitted to the standing committee on character and fitness for evaluation and recommendation shall pay to the State Bar of Michigan a fee of $125$225 for the character and fitness investiga-